IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>vs.<br><br>LINFORD BROTHERS GLASS COMPANY and ARROWOOD INDEMNITY COMPANY,<br><br>              Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:08-CV-387-TC |

Both Arrowood Indemnity Company (as successor-in-interest to Royal Indemnity Company and American & Foreign Insurance Company) and the Cincinnati Insurance Company issued commercial general liability insurance policies to Linford Brothers Glass Company. Linford supplied certain windows, doors, and frames to Red Rose Window & Door, which then sold the windows, doors, and frames to Capital Pacific Holdings, LLC (a developer) for use in the Mulholland Park development in Tarzana, California. Mulholland Park homeowners have filed numerous lawsuits in California state court against CPH alleging construction defects and consequential damages to their homes, and CPH has filed cross-complaints against Linford.

In this action, Cincinnati seeks a declaratory judgment that it has no duty to defend or indemnify Linford for claims asserted by CPH against Linford in the underlying California actions, and a declaratory judgment that Cincinnati has no duty to indemnify or contribute to Arrowood for any defense costs or indemnity paid by Arrowood on behalf of Linford in the

underlying California actions. In its Counterclaim, Arrowood seeks a declaratory judgment that Cincinnati owes Arrowood a duty of equitable contribution or indemnity for defense costs and/or fees paid by Arrowood on Linford's behalf in the underlying California actions. Additionally, in the event that the court determines that Utah law applies to the construction of the insurance contracts, Arrowood seeks a declaratory judgment that Arrowood has no obligation to defend or indemnify Linford in the underlying California actions.

Arrowood and Cincinnati have filed motions for summary judgment, which are now before the court.[12] Because Utah law governs the construction of the Cincinnati insurance contracts and, under Utah law, any damage to the Mulholland Park homes caused by Linford's negligence is reasonably foreseeable and not an "occurrence" that would trigger coverage under the policies,[3] the court grants Cincinnati's motion for summary judgment. The court denies Arrowood's motion for summary judgment without prejudice. Arrowood may renew its motion seeking a declaratory judgment that it has no obligation to defend or indemnify Linford in the underlying California actions, with additional supporting documentation, within thirty days from the date of this order.

## ANALYSIS

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

---

[1] On September 22, 2009, the court ordered Linford to obtain counsel. See Docket No. 56. But Linford is in the process of liquidation and does not have any money with which to retain counsel. The court's rulings on Arrowood's and Cincinnati's motions for summary judgment are not affected by Linford's absence.

[2] Also before the court are Arrowood's objections to certain statements in the affidavits of Ronald M. Day and Paul Linford. Because the court does not rely on the statements Arrowood has objected to, Arrowood's objections are moot.

[3] The Cincinnati policies define an "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

2

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Justice v. Crown Cork and Seal Co., 527 F.3d 1080, 1085 (10th Cir. 2008).

**Utah Law Governs the Cincinnati Insurance Contracts**

Because there is no choice of law provision in any of the insurance contracts at issue and because this is a diversity case in a federal court in Utah, Utah law governs the choice of law determination. See Lake Tribune Publ'g Co. v. Mgmt. Planning, 390 F.3d 684, 692 (10th Cir. 2004), citing Shearson Lehman Bros. v. M&L Invs., 10 F.3d 1510, 1514 (10th Cir. 1993).

Utah courts apply the law of the state that has the most significant relationship to the transaction and the parties–the "most significant relationship" approach. See Salt Lake Tribune Publ'g Co., 390 F.3d at 693, citing Waddoups v. Amalgamated Sugar Co., 54 P.3d 1054, 1059 (Utah 2002); Restatement (Second) of Conflict of Laws § 188 (1971). For contract disputes, section 188 of the Restatement identifies the following factors that should be weighed in determining which state has the most significant relationship: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. Restatement (Second) of Conflict of Laws § 188 (1971).

The Cincinnati insurance contracts were negotiated and entered into in Utah. The court assumes, for the purpose of deciding the motions for summary judgment only, that the place of performance could be any state (including California), since Cincinnati might have to defend Linford in any state in which an action is brought for damages covered under the contracts, and that the location of the subject matter of the contract is where there might be bodily injury or

property damage, which could be any state (including California).[4]  Finally, Cincinnati is an Ohio corporation with its principal place of business in Ohio, though it is licensed and authorized to do business as an insurance company in Utah, and Linford is a Utah corporation with its principal place of business in Utah.

The commentary to the Restatement explains that "the place of performance can bear little weight in the choice of the applicable law when . . . at the time of contracting it is either uncertain or unknown." Id. cmt. e.  Linford sold its products to Red Rose, which could sell the products to buyers in any state.  Similarly, the location of the subject matter of the contract is significant "[w]hen the contract deals with a specific physical thing, such as land or a chattel, or affords protection against a localized risk, such as the dishonesty of an employee in a fixed place of employment." Id.  In this case, the location of the risk was unknown to the parties at the time of contracting.  No evidence has been provided that either of the parties expected that if property damage were to occur it would be in California or that the contract would be governed by California law.

On the other hand, "[t]he place where the parties negotiate and agree on the terms of their contract is a significant contact.  Such a state has an obvious interest in the conduct of the negotiations and in the agreement reached." Id.  And "[t]he fact that one of the parties is domiciled or does business in a particular state assumes greater importance when combined with other contacts, such as that this state is the place of contracting or of performance or the place where the other party to the contract is domiciled or does business." Id.

Arrowood has not cited and the court is unaware of any cases in which a court has applied

---

[4] If the place of performance or the location of the subject matter of the contract were Utah, the court would reach the same result in its choice of law analyses–that Utah law governs the Cincinnati insurance contracts and that the court does not have enough information to determine which state's law governs the Arrowood insurance contracts.

4

Utah law to a choice of law analysis and determined that the location of the property damage or bodily injury, which was not known to the insurer and insured at the time they entered into the insurance contract, trumped the place of negotiating/entering into the insurance contract. But see Morris v. Health Net of Cal., Inc., 988 P.2d 940, 942 (Utah 1999) (reversing the trial court's grant of partial summary judgment based on the erroneous application of Utah law to a health insurance contract where the only connection to Utah was that the injury happened to arise there); Amn. Nat'l Fire Ins. Co. v. Farmers Ins. Exch., 927 P.2d 186, 190 (Utah 1996) (reversing the trial court's declaratory judgment based on the erroneous application of Utah law where "all significant contacts, save the place of the [car] accident itself, are with Idaho"); Overthrust Constructors, Inc. v. Home Ins. Co., 676 F. Supp. 1086, 1088 (D. Utah 1987) (declining to apply Wyoming law to insured's action against its general liability insurer, where the only connections to Wyoming were that the insured was incorporated there and the underlying injury occurred there).

Utah has the most significant relationship to the Cincinnati insurance contracts and the parties to those contracts–Cincinnati and Linford.

**Applying Utah Law to the Cincinnati Insurance Contracts**

Under Utah law, "the consequences of negligent work are reasonably foreseeable and therefore no 'accident' resulting from that work can occur." Great Amn. Ins. Co. v. Woodside Homes Corp., 448 F. Supp. 2d 1275, 1280 (D. Utah 2006), citing H.E. Davis & Sons, Inc. v. N. Pac. Ins. Co., 248 F. Supp. 2d 1079, 1084 (D. Utah 2006). Because the reasonably foreseeable consequences of negligently manufacturing windows and doors include damage to the property in which the defective products are installed, there can be no "occurrence" here under Utah law. As a result, Cincinnati owes no duty to defend or indemnify Linford in the underlying California

actions or to contribute to or indemnify Arrowood for defense costs or fees paid by Arrowood in the underlying California actions.

**Coverage Under the Arrowood Insurance Contracts**

Although Arrowood's policies were issued in Utah and contain similar language to that of the Cincinnati policies, there is no evidence regarding where the negotiations of the Arrowood policies took place or where Royal Indemnity Company and American & Foreign Insurance Company were licensed, incorporated, or had their principal place of business. There is not enough information in the record to determine Arrowood's obligation to provide coverage for Linford in the underlying California actions, i.e., California law might apply to the terms of Arrowood's contracts and/or Arrowood may have given up its right to deny coverage.[5] Consequently, the court denies Arrowood's motion for summary judgment without prejudice.

SO ORDERED this 9th day of February, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

---

[5] While Cincinnati initially defended Linford under a full reservation of rights, it is unclear whether Arrowood has done the same.